IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00656-MOC-DSC

| | |
|---|---|
| REGINA ELIZABETH CANOVAI, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NTS MIKEDON LLC D/B/A NATIONAL )<br>TRENCH SAFETY, )<br>)<br>Defendants. ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant NTS Mikedon LLC's "Motion to Transfer [Venue]" and the parties' briefs and exhibits.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendant's Motion as discussed below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Regina Elizabeth Canovai is a former employee of Defendant. Plaintiff's 2019 Offer of Employment/Employment Agreement addresses matters including her compensation, benefits, expense reimbursement, and use of a company vehicle. It includes a forum selection clause stating that:

> [E]xclusive jurisdiction and venue for any dispute arising under this offer letter as accepted by Employee or related to Employee's employment with NTS shall be in the State District Courts for Harris County, Texas or in the United States District Court for the Southern District of Texas (Houston Division). By acceptance of this offer of employment, Employee submits to the jurisdiction of those courts.

(document # 8-1). The Offer of Employment also includes a "Non-Compete" provision. (document # 8-1). Plaintiff signed and dated the Offer of Employment and provided the last four digits of her Social Security Number on the document.

In early 2020, Plaintiff signed a "Non-competition and Non-disclosure Agreement" ("NDA"). The NDA addressed only non-competition and non-disclosure matters. Like the Offer of Employment, the NDA contains a forum selection clause, which reads in part:

> Any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought only in the courts of the State of Texas located in Harris County, the courts of the United States for the South District of Texas (Houston Division), and appellate courts from any thereof. The Parties hereby irrevocably waive any object to jurisdiction and venue or based upon *forum non conveniens*…

(Declaration of Regina Elizabeth Canovai, Exhibit A). The NDA also includes a merger clause: "This Agreement constitutes the entire agreement between the Parties hereto concerning the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to such subject matter." (Declaration of Regina Elizabeth Canovai, Exhibit A).

During her employment with Defendant, Plaintiff made internal complaints pertaining to the company's alleged violations of state Occupational Safety & Health regulations. She was subsequently terminated. She then brought this action in North Carolina state court, alleging state law wrongful discharge claims and a federal sex discrimination claim. Defendant removed the matter to this Court. Relying on the forum selection clauses in Plaintiff's Offer of Employment and subsequent "Non-Competition and Non-Disclosure Agreement," Defendant now moves to transfer venue to the United States District Court for the Southern District of Texas. Plaintiff contends that the forum selection clause in the Offer of Employment no longer applies because the

NDA "supersedes and invalidates" the Offer of Employment (document #11), and public policy weighs in favor of resolving the dispute in North Carolina.

## II. DISCUSSION

A forum selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 581 (2013). "[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of showing that enforcement of the clause is unwarranted. Id. "[C]ourts enforce forum selection clauses unless it would be unreasonable to do so…." BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018).

Plaintiff has failed to carry her burden of showing that enforcement of the forum selection clause is unwarranted.

### A. No Invalidation of the 2019 Offer of Employment

Plaintiff argues that the terms of the 2019 Offer of Employment were invalidated when she signed the 2020 NDA. She contends that the merger clause in the NDA meant that the NDA constituted the entirety of her employment contract with Defendant. But the plain language of the merger clause in the NDA contradicts this interpretation. The merger clause states that the NDA "constitutes the entire agreement between the Parties *hereto concerning the subject matter hereof* and supersedes all prior agreements and understandings, both written and oral, between the Parties *with respect to such subject matter*." (Declaration of Regina Elizabeth Canovai, Exhibit A) (emphasis added). The plain language of the NDA clearly states that it only constitutes the parties'

entire agreement with respect to non-competition and non-disclosure matters. Plaintiff's argument that the NDA superseded and invalidated the Offer of Employment is without merit. Moreover, the NDA itself also contains a forum-selection clause for the Southern District of Texas. Even if the Offer of Employment was superseded and invalidated, this forum selection clause would still apply.

### B.     Public Policy

Plaintiff further argues that public policy—specifically, North Carolina General Statute § 22B-3—weighs in favor of litigating her claims in North Carolina. This Court has previously held that N.C.G.S. § 22B-3 alone does not render a forum selection clause unenforceable. JML Energy Resources, LLC v. Ryder Truck Rental, Inc., No. 3:20-cv-653-GCM, 2021 WL 1206811, at *2 (W.D.N.C. Mar. 30, 2021). Instead, N.C.G.S. § 22B-3 "is only one of the factors to be considered when evaluating reasonableness for a forum selection clause and does not otherwise render a freely negotiated forum selection clause unenforceable." Id. (quoting and citing Peltier v. Mathis, No. 1:15-cv-133, 2016 WL 4386091, at *6 (W.D.N.C. June 23, 2016) ("Federal Courts in North Carolina routinely enforce forum selection clauses despite the existence of Section 22B-3.")). Enforcement of the forum selection clause here does not contravene North Carolina public policy.

### III.    ORDER

Accordingly, the Court concludes that the interests of justice and convenience warrant granting Defendant's Motion to Transfer Venue under Section 1404(a).

**NOW IT IS THEREFORE ORDERED that**:

1. Defendant NTS Mikedon LLC's "Motion to Transfer [Venue]" is **GRANTED**.

2. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Max O. Cogburn, Jr.

expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Southern District of Texas.

      3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: April 25, 2022

David S. Cayer
United States Magistrate Judge